```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION


JOSEPH KANTRELL NORRIS        ]
     Plaintiff,                ]
                               ]
v.                             ]      No. 3:12-0557
                               ]      Judge Sharp/Brown
JEFF LONG, et al.              ]
     Defendants.               ]
```

**To: Honorable Kevin H. Sharp, District Judge**

## R E P O R T   A N D   R E C O M M E N D A T I O N

By an order (Docket Entry No.3) entered June 5, 2012, this action was referred to the undersigned "to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed.R.Civ.P., and the Local Rules of Court."

Presently pending before the Court is a Motion to Dismiss (Docket Entry No.33) from the defendant, Jeff Long, and the plaintiff's Response (Docket Entry No.42) in opposition to the Motion to Dismiss.

The undersigned has carefully reviewed these pleadings and the Complaint (Docket Entry No.1) and finds that the defendant's Motion to Dismiss has merit. Accordingly, the Magistrate Judge respectfully

1

recommends that, for the reasons stated below, the defendant's Motion to Dismiss should be granted.

The plaintiff, proceeding *pro se*, is an inmate at the Williamson County Jail in Franklin, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Jeff Long, Sheriff of Williamson County, and Evie Britt, a registered nurse at the Williamson County Jail, seeking injunctive relief and damages.

According to the complaint, the plaintiff arrived at the Williamson County Jail in January, 2012. He suffers from sickle cell anemia, a bi-polar disorder, schizophrenia and high blood pressure.

The plaintiff alleges that he has been denied the medication he needs to treat these maladies. He claims that the failure to provide him with the proper medication is a violation of his constitutional rights.

A motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., is reviewed under the standard that dismissal is appropriate only if it appears that the complaint does not contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. Bell Atlantic Corp. V. Twombly, 127 S.Ct. 1955, 1969 (2007). Accordingly, the complaint must contain enough factual allegations to state a claim for relief that is plausible on its face. *Id.* at 127 S.Ct.
2

1974.[1] In reviewing a motion to dismiss, the allegations in the plaintiff's complaint are liberally construed and taken as true. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). More than bare assertions of legal conclusions, though, are required to withstand a Rule 12(b)(6) motion, and the complaint must contain allegations of fact sufficient to support the asserted legal claims. Eidson v. Tennessee Dept. of Children's Services, 510 F.3d 631,634 (6th Cir.2007).

To establish a claim under 42 U.S.C. § 1983, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when jail officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976).

In the Complaint's Statement of Facts, the plaintiff never mentions or refers to the defendant, Sheriff Long, by either name or position. Docket Entry No.1 at pg.5. He does not suggest that Sheriff Long had any involvement in the treatment of his serious medical needs or that he was even aware of the plaintiff's medical

---

[1] Twombly abrogated the "no set of facts" test set forth in Conley v. Gibson, 78 S.Ct. 99, 102 (1957).

3

problems. Thus, on the face of the Complaint, the Court is left to guess in what way this defendant is liable for the alleged violation of the plaintiff's constitutional rights.

According to the plaintiff's Response to the Motion to Dismiss, "The reason I feel Sheriff Jeff Long should not be dismissed from this case, is because this is his facility, in which he should know any and everything that occurs with any Williamson County inmate." Docket Entry No.42.

The plaintiff can not sue the defendant, however, solely because of his status as an employer or supervisor. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 102 S.Ct. 455 (1981). Where there is no allegation of participation, either directly or indirectly, by a supervisor or employer in an allegedly wrongful act, the complaint fails to state a cause of action upon which relief can be granted. See Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), cert. denied, 103 S.Ct. 1778 (1983).

In this case, the plaintiff has failed to allege any direct or indirect involvement by Sheriff Long in the provision of medical care. At its worst, the plaintiff states that he sent a note to Sheriff Long "and haven't received a reply yet." Docket Entry No.42. A supervisor or administrator, though, is not liable merely because he failed to intervene or act upon an inmate's letters or complaints. Shehee v. Luttrell, 199 F.3d 295,300 (6th Cir.1999).

4

Therefore, as respondeat superior is not a viable theory of recovery under § 1983, the plaintiff has failed to state a claim against Sheriff Long for which relief can be granted.

### R E C O M M E N D A T I O N

For the reasons discussed above, the undersigned finds that the plaintiff has failed to state a claim against Jeff Long upon which relief can be granted. It is respectfully RECOMMENDED, therefore, that the Court GRANT the defendant's Motion to Dismiss (Docket Entry No.33).[2]

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge

---

[2] The case will proceed as to the remaining defendant Evie Britt as she has not filed a motion to dismiss.