UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSEPH KANTRELL NORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:12-cv-0557 |
| v. ) | |
| ) | Judge Sharp |
| JEFF LONG, *et al.*, ) | Magistrate Judge Brown |
| ) | |
| Defendants. ) | |

## ORDER

*Pro se* Plaintiff Joseph Kantrell Norris is an inmate at the Williamson County Jail in Franklin, Tennessee.[1] (Docket Entry No. 1). Plaintiff filed this claim against Defendants Jeff Long, Sheriff of Williamson County ("Sheriff Long"), and Evie Britt ("Britt"), a registered nurse at the Williamson County Jail, pursuant to 42 U.S.C. § 1983. (*Id.*). He seeks injunctive relief and damages. Specifically, Plaintiff alleges he has been denied the medication he needs to treat his illnesses and purports that failure to provide such proper treatment is a violation of his constitutional rights. (*Id*. at 5).

On September 7, 2012, Sheriff Long filed a Motion to Dismiss (Docket Entry No. 33) for failure to state a claim. Plaintiff filed a response in opposition, wherein he stated,

> The reason I feel Sheriff Jeff Long should not be dismissed from this case, is his facility, in which he should know any and everything that occurs with any Williamson County inmate. Whether it be medical or anything important. I also have in my files grievances forms, in which I have wrote to Sheriff Long, and haven't received a reply yet.

(Docket Entry No. 42).

---

[1] Plaintiff arrived at the Williamson County Jail in January, 2012. He suffers from sickle cell anemia, a bi-polar disorder, schizophrenia, and high blood pressure. (*Id.*).

1

The Magistrate Judge entered a Report and Recommendation ("R & R") (Docket Entry No. 52) in this case on December 20, 2012, concluding,

> In this case, the plaintiff has failed to allege any direct or indirect involvement by Sheriff Long in the provision of medical care. At its worst, the plaintiff states that he sent a note to Sheriff Long "and haven't received a reply yet." Docket Entry No. 42. A supervisor or administrator, though, is not liable merely because he failed to intervene or act upon an inmate's letters or complaints. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir.1999).

(*Id.* at 4). Therefore, the Magistrate Judge recommended that Sheriff Long's Motion to Dismiss be granted. No objections were made to the R & R.

Where no objections are made to the R & R, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b). Having thoroughly reviewed the record in this case and the applicable law in accordance with Rule 72(b), the Court will accept the R & R.

Accordingly, the Court hereby rules as follows:

(1) The Report and Recommendation (Docket Entry No. 52) is hereby ACCEPTED and APPROVED;

(2) Defendant Long's Motion to Dismiss (Docket Entry No. 33) is hereby GRANTED;

(3) The claims against Defendant Long are hereby DISMISSED WITH PREJUDICE; and

(4) This action is hereby returned to the Magistrate Judge for further pretrial management in accordance with Local Rule 16.01 for the remaining claims against Defendant Britt.

**It is SO ORDERED.**

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE