# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOSEPH KANTRELL NORRIS # 318615, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:12-00557 |
| ) | Judge Sharp/Brown |
| JEFF LONG, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**To: The Honorable Kevin H. Sharp, United States District Judge**.

## REPORT AND RECOMMENDATION

For the reasons explained below, the Magistrate Judge recommends that this action be **DISMISSED** *sua sponte* with prejudice as frivolous and for failure to state a claim under 42 U.S.C. §§ 1997e(2)(B)(i)-(ii) and 1915A(b)(1), that dismissal constitute the **FINAL JUDGMENT** in this action, that all pending motions be **TERMINATED** as **MOOT**, and that any appeal **NOT BE CERTIFIED** as taken in good faith under 28 U.S.C. § 1915(a)(3).

## I.  INTRODUCTION AND BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this action May 31, 2012 alleging violations of his rights under 42 U.S.C. § 1983.  (DE 1)  Plaintiff named Jeff Long, Sheriff of Williamson County ("Sheriff Long"), and Evie Britt, nurse at the Williamson County Jail ("nurse Britt"), as defendants.  The crux of plaintiff's claims is that defendants violated his constitutional rights because they did not provide him with his prescription medications.

This action was referred to the Magistrate Judge on June, 5, 2013 to "enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions

under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court." (DE 3) The order of referral also provided the following additional instruction: "Despite the issuance of process, the Magistrate Judge may *sua sponte* recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. §§ 1915(e)(2)." (DE 3)

Sheriff Long filed a motion to dismiss on September 7, 2012. (DE 33) The Magistrate Judge entered a Report and Recommendation (R&R) on December 20, 2012, recommending that Sheriff Long's motion to dismiss be granted. (DE 52) The District Judge approved and accepted the R&R on January 23, 2013, and dismissed the case against Sheriff Long. (DE 56)

During the period between when Sheriff Long filed his motion to dismiss, and when the action was dismissed against him, trial was set for August 20, 2013, and a pretrial conference scheduled for July 30, 2013. (DE 37, 45)

On March 15, 2013, nurse Britt, the only remaining defendant, filed a motion for summary judgment. (DE 64) Following the receipt of two letters from plaintiff (DE 68-69), but no response to nurse Britt's motion for summary judgment, the Magistrate Judge entered an order on May 14, 2013 giving plaintiff until June 3, 2013 to respond to nurse Britt's motion (DE 70). Plaintiff timely filed his response. (DE 73)

Nurse Britt's motion for summary judgment is properly before the court. The analysis, findings of fact, conclusions of law, and recommendations below are addressed pursuant to the order of referral authorizing the Magistrate Judge to "*sua sponte* recommend the dismissal" for reasons of frivolity and/or for failure to state a claim.

## II. ANALYSIS

To state a claim under § 1983, plaintiff must allege and show: 1) that he was deprived of a

right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Smith v. Williams-Ash*, 520 F.3d 596, 600 (6th Cir. 2008)). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). A successful § 1983 claimant must establish that the defendant acted knowingly or intentionally to violate his constitutional rights. *Daniels*, 474 U.S. at 333-36; *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013); *Ahlers v. Schebil*, 188 F.3d 365, 373 (6th Cir. 1999)(citing *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982)).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Neitzke*, 490 U.S. at 327-28; *Brown*, 207 F.3d at 866.

### A.  *Res Judicata*

The doctrine of *res judicata* provides that final judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in a prior action." *In re Alfes*, 709 F.3d 631, 638 (6th Cir. 2013(quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)). As shown below, this is the second time that plaintiff brought this action in district court.

3

Plaintiff brought his first action against Sheriff Long and nurse Britt on March 14, 2012. *Norris v. Long, et al.*, No. 3:12-00265 (M.D. Tenn. Mar. 26, 2012)(Haynes, J.). Plaintiff's first case was dismissed on March 26, 2012 for failure to state a claim. (DE 5) Final judgment entered the same day. (DE 6)

Plaintiff brought the present action May 31, 2012 against the same two defendants. (DE 1) Plaintiff was asked to respond to the following question in the form-complaint that he filed: "Have you . . . filed any other lawsuits in the United States District Court for the Middle District of Tennessee . . . ?" Plaintiff filled in the box corresponding to the answer, "Yes." (DE 1, ¶ I.A, p. 1) The form-complaint then asked plaintiff to provide information pertaining to that prior case, including its disposition. The information provided by plaintiff corresponded to Case No. 3:12-00265 above, which plaintiff acknowledged was dismissed on March 26, 2012. (DE 1, ¶¶ I.B.1-7, pp. 1-2). Finally, plaintiff was asked the following question: "Did the circumstances of the prior lawsuit involve the same facts or circumstances that you are alleging in this lawsuit?" Plaintiff filled in the box corresponding to the answer, "Yes." (DE 1, ¶ I.8, p. 2)

A plain reading shows that the complaints are identical in this case and the previous one. Because the present action is identical to the earlier one, and because final judgment has been entered dismissing the prior case, this action should be dismissed for failure to state a claim because it is barred under the doctrine or *res judicata*.

### B. Plaintiff's Claims Under § 1983

The following further analysis is provided in the event that it is determined that the present action is not barred by the doctrine of *res judicata*.

Plaintiff's complaint is that he was denied proper medical care while incarcerated in the Williamson County Jail ("the jail"), in particular that he was not given his prescription medications.

4

"[A] prisoner's Eighth Amendment right is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs." *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013)(quoting *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir.2001)(citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). An Eighth Amendment claim for the denial of medical care has an objective and subjective component. *Id.* (citing *Comstock*, 273 F.3d at 702)). Satisfying the objective component ensures that the alleged deprivation is sufficiently severe, while satisfying the subjective component "ensures that the defendant prison official acted with a sufficiently culpable state of mind." *Id.* Intentional deprivation of an inmate's prescription medication may constitute a violation of the Eighth Amendment. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

Notwithstanding the foregoing, complaints of malpractice or allegations of negligence are insufficient to entitle plaintiff to relief under § 1983. *Estelle*, 429 U.S. at 105-06. A prisoner's difference of opinion regarding treatment also does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Finally, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess prison officials' medical judgments and constitutionalize claims which sound in state tort law. *Graham ex rel Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004)(citing *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976)).

The Magistrate Judge assumes for the sake of the analysis below that the issues pertaining to his medication deprived plaintiff of his rights, and that nurse Britt was a state actor at the time for purposes of § 1983. These assumptions made, all that remains is that plaintiff allege sufficient facts to show that nurse Britt intentionally interfered with plaintiff receiving his prescription medications. To do that, the Magistrate Judge looks to the complaint.

Plaintiff identifies nurse Britt in the style of the case. (DE 1, p. 1) Plaintiff also identifies

nurse Britt as a defendant in the body of the complaint. (DE 1, ¶ III.B.2, p. 4) Nurse Britt is not mentioned, however, anywhere in the statement of the facts, nor does plaintiff allege in the statement of facts any action by anyone in medical that would implicate nurse Britt in the matter pertaining to plaintiff's medications. (DE I, ¶ IV, p. 5) The only place nurse Britt appears in the complaint is in an attached letter from her to plaintiff, the substance of which is summarized below:

1) She was unable to contact plaintiff's probation officer about plaintiff's medications at the telephone number plaintiff provided, but if plaintiff would give her his probation officer's name, she would try again to contact him.

2) She provided plaintiff with Risperdal, the "recommended substitute" for Seroquel, because Seroquel was not carried in the Williamson County Jail ("the jail") pharmacy. Plaintiff was advised that, if someone on the outside would provide him with Seroquel, she would dispense it to him, if his TDOC medical records showed that he was supposed to take Seroquel.

3) She had been unable to obtain plaintiff's medical records from the South Central Correctional Facility (SCCF).

4) The jail had no "psych doctors on staff," therefore she was able to dispense to him only those medications available at the jail. She advised plaintiff that she would have the doctor review his chart.

(DE 1, Attach. ltr. dtd. May 21, 2012)[1]

As shown above, the complaint itself is devoid of any factual allegations against nurse Britt. Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), the courts are not willing to "abrogate basic pleading essentials in *pro se* suits," *see Clark v. Johnston*, 413 Fed.Appx. 804, 817 (6th Cir. 2011)(quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990)). "More than bare assertions of

---

[1] Plaintiff's memorandum, submitted in response to nurse Britt's motion for summary judgment, does not clarify his claims. Rather, it addresses the proceedings in his first case, which further supports the Magistrate Judge's determination that this action is barred by the doctrine of *res judicata*.

legal conclusions or personal opinions are required to satisfy federal notice pleading requirements." *See Grinter v. Knight*, 532 F.3d, 567, 577 (6th Cir. 2008)(citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). A "complaint must 'contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Handy-Clay v. City of Memphis, Tenn., 695 F.3d 531, 538 (6th Cir. 2012)(quoting *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir.2007)). Conclusory claims such as those against nurse Britt are subject to dismissal. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (1995); *Erie County, Ohio v. Morton Salt, Inc.* 702 F.3d 860, 867 (6th Cir. 2012).

As far as the attached letter is concerned, absent any factual allegations to support another interpretation, the letter must be viewed as having been submitted by plaintiff as evidence of his allegations against nurse Britt. However, the letter shows that, far from intentionally depriving plaintiff of his prescription medications, nurse Britt was limited in what she was able to dispense to what was available at the jail, but that she was willing to dispense the medications at issue if someone on the outside would provide them . . . if she were able to establish from plaintiff's medical records at SCCF that he was supposed to take them. The letter also shows that nurse Britt had tried to obtain the necessary information about his medications, that she had been successful in her efforts thus far, but that she would continue trying. Finally, it is clear from the letter – and the complaint – that plaintiff had been provided with the "approved substitute" for plaintiff's other medication. In short, there is nothing in the letter that establishes the necessary element of intent for plaintiff to prevail under § 1983 against nurse Britt.

For the reasons explained above, plaintiff's claims against nurse Britt lack an arguable basis in law or fact. Accordingly, his claims against nurse Britt should be dismissed as frivolous.

7

## III.  RECOMMENDATION

For the reasons explained above, the Magistrate Judge recommends that this action be **DISMISSED** *sua sponte* with prejudice as frivolous and for failure to state a claim under 42 U.S.C. §§ 1997e(2)(B)(i)-(ii) and 1915A(b)(1), that dismissal constitute the **FINAL JUDGMENT** in this action, that all pending motions be **TERMINATED** as **MOOT**, and that any appeal **NOT BE CERTIFIED** as taken in good faith under 28 U.S.C. § 1915(a)(3).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this R&R within which to file with the District Court any written objections to the proposed findings and recommendations made herein.  Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this R&R within which to file a response to said objections.  Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal of this R&R.  *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this the 24th day of June, 2013.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge